IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DENNIS G. WOLFE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-27-L |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Dennis Wolfe seeks judicial review of a denial of benefits by the Social

Security Administration ("SSA"). The Court should reverse and remand the SSA's decision.[1]

I.    BACKGROUND

Mr. Wolfe applied for disability benefits and supplemental security income based on

an alleged disability. Administrative Record at pp. 61-63, 172-73 (certified Mar. 1, 2007)

("Rec."). The SSA denied the applications initially and on reconsideration. *Id*. at pp. 31-32,

174, 177. Following a hearing,[2] the administrative law judge concluded that the Plaintiff was

---

[1]    The Court has referred the action to the undersigned for findings and recommendations on dispositive matters.  Order Referring Matter to United States Magistrate Judge (Jan. 9, 2007).

[2]    *See* Rec. at pp. 193-211.

not disabled.[3] The Appeals Council declined jurisdiction,[4] and the present action followed. In part, Mr. Wolfe alleges legal error in the credibility analysis.

## II.    STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). If the SSA's decision lacks substantial evidence or is based on an incorrect legal standard, reversal is necessary. *See Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993) ("if the [administrative law judge] failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence").

## III.    ERROR IN THE CREDIBILITY ANALYSIS

As alleged by Mr. Wolfe, the administrative law judge committed legal error by failing to explain her credibility assessment.[5]

---

[3]    Rec. at pp. 23, 27-28.

[4]    Rec. at pp. 5-7.

[5]    The Plaintiff also alleges a lack of substantial evidence to support the credibility analysis and error in the finding of transferable skills. The Court cannot address the first contention and need not address the second.

First, the judge's failure to explain her credibility assessment prevents meaningful review over the sufficiency of evidence. *See Drapeau v. Massanari*, 255 F.3d 1211, 1213-14 (10th Cir. 2001) (holding that a reviewing court cannot meaningfully evaluate a decision when the administrative law judge fails to explain the basis for his findings). Until the administrative law judge adequately explains her credibility assessment, the Court cannot determine whether substantial evidence existed for her findings. This determination can only be made following the remand.

2

A.     Duty to Explain Credibility Findings

Under the Social Security Administration's regulations, the administrative law judge must "give specific reasons for the weight given to the individual's statements." Social Security Ruling 96-7p, *Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*, 1996 WL 374186, Westlaw op. at 4 (July 2, 1996). These reasons must be "articulated in the determination or decision" and "be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight" given "to the individual's statements and the reasons for that weight." *Id.*

B.     The Administrative Law Judge's Error

In evaluating the Plaintiff's subjective allegations, the administrative law judge outlined the appropriate standard, summarized Mr. Wolfe's testimony, and concluded: "Based upon the testimony and the objective medical evidence it is found that the claimant's allegations regarding his limitations are not totally credible. . . ." Rec. at p. 25. This explanation was deficient. The judge referred to certain testimony and objective evidence which could potentially affect a credibility assessment. *Id.* at pp. 24-25. But the judge never discussed this evidence in connection with the credibility analysis. *See id.*

---

Second, the suggested remand would require a reevaluation of Mr. Wolfe's credibility with respect to his symptoms. *See infra* pp. 3-6. The reassessment could affect the analysis of relevant skills, and the Court should decline to address the related issues presented by Mr. Wolfe. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of this case on remand.").

3

The administrative record reflects complaints by the Plaintiff about:

- deformed feet,[6]

- pain in his knees, back, hips, and feet,[7]

- difficulty in the ability to stand, walk, or sit,[8] and

- a daily need to lie down several times due to pain.[9]

The judge was mindful of some of these complaints, as she referred in the decision

to:

- "constant" back pain,

- "difficulty with rising from a seated position if [Mr. Wolfe] ha[d] remained seated for an extended period of time,"

- additional limitations associated with "extended sitting," and

- the need to lie down several times in a day.

*Id.* at p. 25.

And, as the Defendant emphasizes, the judge referred to medical data involving:

- findings by Dr. Sharad Swami, stating that Mr. Wolfe suffered from "chronic arch deformities of the feet [which had resulted in] difficulty walking on the heels and toes and . . . a limping gait on the right side;"[10]

---

[6]    Rec. at pp. 39, 83, 88, 101, 116, 123.

[7]    Rec. at pp. 34, 39, 81, 88, 101, 103, 107-111, 114-15, 123, 147, 202-204.

[8]    Rec. at pp. 39, 75, 101, 105, 108, 114, 123, 147, 200-201, 203-204.

[9]    Rec. at p. 206.

[10]    Rec. at p. 24; *see id.* at p. 123.

4

- multiple "negative" and "normal" findings by Dr. Swami;[11]

- findings by Dr. Akram Abraham, stating that Mr. Wolfe had pain with "long standing and walking" and a need to change positions every two hours;[12] and

- an x-ray which showed a "[b]ilateral hallux valgus deformity."[13]

The Defendant argues that the administrative law judge had based her credibility assessment on these reports and

- the fact that the Plaintiff had worked notwithstanding complaints of a "lifetime of feet problems;"[14]

- a lack of treatment records;

- a lack of findings by any physician that would indicate disabling impairments; and

- Mr. Wolfe's ability to care for his personal needs, prepare simple meals, mow the lawn on a riding mower, read, perform household chores, and garden.

The administrative law judge never stated that she was relying on any of these factors.

The decision contained references to medical reports and the Plaintiff's testimony concerning his daily activities. *Id.* at pp. 24-25. But the administrative law judge never stated why she had discounted the Plaintiff's credibility and the Court cannot rely on the

---

[11]    Rec. at p. 24; *see id.* at p. 123.

[12]    Rec. at p. 24; *see id.* at p. 147.

[13]    Rec. at p. 24; *see id.* at p. 162. The Defendant also refers to records from three emergency room visits, which were cited in the administrative decision. Rec. at p. 24; *see id.* at pp. 150-61, 163. But these reports involved unrelated injuries. *See id.* at pp. 150-61, 163.

[14]    Rec. at p. 24; *see id.* at p. 123.

Defendant's post-hoc justifications.[15] Because the decision is silent on the reasons for the credibility finding, the Court can only guess which subjective allegations were disbelieved or the reasons for such disbelief. In these circumstances, the Court should reverse and remand for further proceedings. *See Blea v. Barnhart*, 466 F.3d 903, 915 (10th Cir. 2006) (holding that the administrative law judge's failure "to discuss why he rejected [the claimant's] testimony violates [Tenth Circuit] precedent, and requires remand for the [administrative law judge] to incorporate [the claimant's] testimony into his decision").

## IV.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

The Court should reverse and remand for further proceedings.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is October 11, 2007. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

---

[15]    *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)); *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

V. STATUS OF THE REFERRAL

The referral is terminated.

Entered this 21st day of September, 2007.

_____
Robert E. Bacharach
United States Magistrate Judge